**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

EDEL GREGORIO MIRANDA HINOJOSA,

    Petitioner,

    v.                                                                          Case No. 2:26-cv-02489-BCL-cgc

CHRISTOPHER BULLOCK,

    Respondent.

## ORDER DENYING § 2241 PETITION

Petitioner Edel Gregorio Miranda Hinojosa has filed a Petition for Habeas Corpus under 28 U.S.C. § 2241, by which he challenges his detention without an individualized bond hearing. Doc. 1. Petitioner seeks immediate release or an individualized bond hearing. *Id.* at 13. Contemporaneously with the Petition, Petitioner filed a Motion for Show Cause Order. Doc. 2.

For the reasons that follow, the Petition for Habeas Corpus (Doc. 1) is **DENIED** and the Motion for Show Cause Order (Doc. 2) is **DENIED AS MOOT**.

## BACKGROUND

Petitioner is a citizen of Mexico. Doc. 1-1. Petitioner entered the United States without inspection twenty-two years ago. Doc. 1 at 9. On January 16, 2026, Petitioner was apprehended during a traffic stop and taken into custody of Immigration and Customs Enforcement ("ICE") because he is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *Id.* at 3. Since that day, Petitioner has been detained at the West Tennessee Detention Facility in this District. *Id.* He now seeks release or an individualized bond hearing. *Id.* at 13.

## LEGAL STANDARD

Section 2241 authorizes a court to issue a writ of habeas corpus when an individual "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). An alien seeking to challenge his detention relating to removal proceedings may in some circumstances seek relief through a Section 2241 petition. *See, e.g.*, *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Section 2243 directs the judge entertaining an application for a writ of habeas corpus to "forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. The last clause of Section 2243 imposes "a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face," as where "the necessary facts can be determined from the petition itself without need for consideration of a return." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

## ANALYSIS

Petitioner does not challenge the statutory basis for his detention under Section 1225(b)(2)(A). Doc. 1 at 1–2. He brings only an as-applied constitutional challenge. *Id.* at 2. The Court denies the Petition because Petitioner's detention as required by statute does not violate the Constitution.

### A.  Substantive and Procedural Due Process

Petitioner claims that his detention violates Due Process because it could be indefinite and he was detained based on his classification as an "applicant for admission" without receiving an individualized hearing. Doc. 1 at 4–8. "[T]he Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993) (citing *The Japanese Immigrant Case*, 189 U.S. 86, 100–101 (1903)). But, when a noncitizen has not been lawfully

2

admitted to the United States, "the decisions of executive or administrative officers, acting within powers expressly conferred by Congress, are due process of law" because such noncitizens have "only those rights regarding admission that Congress has provided by statute." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 138, 140 (2020). This is the result of "the so-called 'entry fiction' theory of immigration law," under which "[a]liens who have not 'entered the United States within the meaning of the law,' i.e., who were never lawfully admitted and do not have leave to remain, are 'still in theory of law at the boundary line,'" *Gonzalez v. Ladwig*, No. 2:26-cv-02017-MSN-atc, 2026 WL 413602, at *11 (W.D. Tenn. 2026) (Norris, J.) (quoting *Kaplan v. Tod*, 267 U.S. 228, 230–31 (1925)), where they have only those rights provided by Congress. *See Thuraissigiam*, 591 U.S. at 140. And, here, Congress did not provide a right to a bond hearing. 8 U.S.C. § 1225(b)(2)(A) ("Subject to subparagraphs (B) and (C), in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title."). And faithfully adhering to a statute that requires detention cannot be arbitrary and capricious action, because it reflects fidelity to the law's command. In other words, Petitioner cannot prevent the Government from detaining him pursuant to the governing statute now merely because he had until recently successfully eluded immigration officers.

Petitioner's reliance on *Zadvydas v. Davis*, 533 U.S. 678 (2001) is misplaced. The Court in *Zadvydas* interpreted a different immigration statute which governed detention *post*-removal proceedings and had no explicit limits. *See* 533 U.S. at 701 (emphasis added). As Petitioner correctly recognizes, "Section 1225(b)(2)(A) contains no temporal limitation whatsoever." Doc. 1 at 5. That is because the plain meaning of Section 1225(b)(2) makes clear that detention is required

3

until removal proceedings are concluded. 8 U.S.C. § 1225(b)(2)(A); *Jennings v. Rodriguez*, 583 U.S. 281, 299 (2018). Even if there is a constitutional line concerning the length of time a noncitizen can be detained pending removal proceedings, Petitioner has not attempted to establish where that line falls, and he admits his current detention falls well below what his cited authority considered presumptively reasonable. Doc. 1 at 5. In sum, Due Process does not prevent Petitioner's detention in connection with removal proceedings or guarantee Petitioner a bond hearing during that process. Those claims therefore do not support the Petition.

### B. Equal Protection

Petitioner fares no better in invoking the equal protection component that has been incorporated into the Due Process Clause. *See Bolling v. Sharpe*, 347 U.S. 497 (1954). Petitioner asserts an as-applied challenge, contending that it is impermissibly arbitrary to treat him differently than a noncitizen who overstayed his visa. Doc. 1 at 9–10. But courts apply an extraordinarily deferential "minimum rationality" standard in the immigration context, in recognition of the fact that "the admission or expulsion of aliens is a fundamental sovereign attribute exercised by the Government's political branches largely immune from judicial control." *Almario v. Attorney General*, 872 F.2d 147, 150 (6th Cir. 1989) (quotation marks and citation omitted) (discussing cases and noting that immigration-related decisions may be made on bases that would violate constitutional rights in other contexts). Thus, the Court is limited to analyzing "whether the statute at issue is conceivably related to a federal interest." *Id.* at 152. It plainly is: Section 1225 ensures that noncitizens who have not been lawfully admitted will not abscond before a decision has been made concerning whether to admit them into or remove them from the United States (which decision might itself involve an examination of the benefits and risks of both options). And there is rational reason to exempt others, like Petitioner's hypothetical visa overstayer, for whom a

(temporary) admission decision has already been made and who may be more easily trackable through a visa or similar program. And that suffices on rational basis review, even if Petitioner may feel that there is no need to detain him. *See Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 85–86 (2000) (in applying rational basis review: "Our Constitution permits States to draw lines . . . when they have a rational basis for doing so at a class-based level, even if it is probably not true that those reasons are valid in the majority of cases." (citation modified)).

**CONCLUSION**

For the foregoing reasons, the Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED** and the Motion for Show Cause Order (Doc. 2) is **DENIED AS MOOT**. The Clerk is **DIRECTED TO CLOSE THIS CASE**.

**IT IS SO ORDERED**, this 1st day of May, 2026.


 s/ *Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE