**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

Edel Gregorio Miranda Hinojosa,

      Petitioner,

      v.                                                     Case No. 2:26-cv-02489-BCL-cgc

Christopher Bullock,
Field Office Director of U.S. Immigration
and Customs Enforcement, New Orleans
Field Office,

      Respondent.

---

**ORDER DENYING MOTION TO ALTER JUDGMENT**

---

Petitioner has filed a Motion to Alter Judgment (Doc. 8) under Federal Rule of Civil Procedure 59(e) by which he asks this Court to revisit the denial of his counseled habeas petition (Doc. 1). Petitioner's Motion to Alter Judgment (Doc. 8) is **DENIED** for the reasons that follow.

Petitioner concedes that he "did not separately challenge the government's statutory classification under § 1225(b)(2)(A) as the basis for detention." Doc. 8.  Petitioner understates matters: He did not simply fail to separately challenge application of the statute; rather, he emphasized that he did "not challenge the Fifth Circuit's recent decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496 (5th Cir. Feb. 6, 2026), which held that certain noncitizens are subject to mandatory detention under 8 U.S.C. §1225(b)(2)(A)," but instead only "challenge[d] the constitutional application of that statute to Petitioner's specific circumstances." Doc. 1 at 2. That is a very plain waiver of the statutory argument.  *See, e.g.*, *Walker v. United States*, 134 F.4th 437, 442 (6th Cir. 2025) ("[P]arty statements directing a court away from an issue the party clearly understands are hallmarks of waiver."); *see also United States v. Clark*, 24 F.4th 565, 578 (6th Cir.

1

2022) (counsel's "plain, explicit concession" affirmatively disavowing the issue waived the claim). It is well-settled that a Rule 59(e) motion cannot be used to advance new arguments. *See, e.g.*, *McBride v. Skipper*, 76 F.4th 509, 518 (6th Cir. 2023) ("Rule 59(e) motions cannot be used to present new arguments that could have been raised prior to judgment." (quotation marks and citation omitted)); *In re East Palestine Train Derailment*, 160 F.4th 751, 759 (6th Cir. 2025) (same). That principle applies with all the more force where the new arguments were affirmatively waived.

For these reasons, Petitioner's Motion (Doc. 8) is **DENIED**.

**IT IS SO ORDERED**, this 7th day of May, 2026.

s/ *Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE